UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2014 MAR 18 PM 12 43
U.S. DISTRICT COURT
NEW HAVEN, New Haven

STATE OF CONNECTICUT

COUNTY OF NEW HAVEN

## AFFIDAVIT

I, Paul McElroy, being duly sworn, do depose and say:

1. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations and to make arrests for federal felony offenses, including but not limited to controlled-substances offenses listed in Title 21 of the United States Code.

2. I am currently employed as a Detective with the Connecticut State Police ("CSP") and have been so employed since January of 1998. Since October of 2010, I have been a member of the CSP, Statewide Narcotics Task Force.

3. From May of 2005 through September of 2010, and from December of 2012 to the present, I have been assigned as a deputized Task Force Officer to the Federal Bureau of Investigation ("FBI"), Organized Crime Task Force ("Task Force"), in New Haven, Connecticut

4. During my experience in law enforcement, I have participated in investigations of diverse crimes, including numerous investigations involving the illegal distribution of controlled substances.

5. In connection with these investigations, I have prepared affidavits in support of applications for search warrants and arrest warrants and have executed numerous search and arrest warrants. I have also coordinated controlled purchases of illegal drugs utilizing cooperating

sources and undercover police officers; conducted electronic and physical surveillance of individuals involved in illegal drug distribution; analyzed records documenting the purchase and sale of illegal drugs; and debriefed cooperating sources and drug distributors, as well as other local, state and federal law enforcement officers, regarding the manner and means employed by narcotics traffickers. The controlled substances investigations in which I have participated have resulted in successful criminal prosecutions in both state and federal courts.

6. I have also attended training courses relative to conducting drug investigations, including a 2011 HITDA-sponsored training course pertaining to interdiction. I receive periodic in-service training relative to conducting criminal investigations.

7. Based upon my experience and training, I am familiar with the manner and means employed by narcotics traffickers, including the manner and means by which narcotics traffickers communicate, and those methods employed by narcotics traffickers in an effort to avoid detection by law enforcement.

8. As part of my duties, I am conducting, together with other law enforcement officers, an investigation into suspected unlawful distribution of controlled substances, including heroin, in the Greater Hartford, Connecticut area, in violation of Title 21 U.S.C. §§ 841 and 846 (the "Target Offenses").

9. I have participated fully in the investigation that is the subject of this affidavit; and I have done so in conjunction with other law enforcement officers, including other members of the Task Force. Based upon information known to me as a result of my participation in this investigation, as well as information provided to me by others, including other law enforcement officers, which I have determined to be accurate and reliable, I am thoroughly familiar with the information discussed herein. Where the contents of documents, or

communications with others, are reported herein, they are set forth in substance and part, unless otherwise indicated.

10. This affidavit is submitted in support of a criminal complaint charging Charles JACKSON, also known as "DOO DOO," date of birth March 19, 1969, with possession with intent to distribute heroin, and conspiracy to possess with intent to distribute heroin.

11. This affidavit does not purport to set forth all of the facts gathered during the course of the investigation of this matter. Rather, this affidavit includes only those facts which are necessary to establish probable cause to support the issuance of the requested warrant.

## RELEVANT FACTS

12. In February of 2014, law enforcement authorities began investigating several heroin overdose deaths that had recently occurred in the Greater Hartford area.

13. The investigation revealed that several of the overdose deaths stemmed from the use of heroin that was laced with fentanyl, and which was being distributed in bags stamped with the brand name "New World."

14. Fentanyl is an opioid analgesic used to treat moderate to severe chronic pain that cannot be controlled with other medicines. Fentanyl is a Schedule II controlled substance that is approximately one hundred times more potent than morphine. Adding fentanyl to heroin makes the drug highly potent and potentially deadly to users unaware of its contents.

15. On or about February 26, a confidential informant ("CI"), at the direction of law enforcement, purchased a quantity of heroin from Antonio BAEZ.

16. The heroin purchased by the CI on or about February 26, 2014, was contained within bags stamped with the brand name "Bingo 9." During the controlled purchase, the CI informed BAEZ that he/she wanted "New World." In response, BAEZ informed the CI that "New

World" stamp was "hot," so the stamp had been changed to "Bingo 9." Field tests of the heroin the CS purchased from BAEZ on or about February 26, 2014, indicated the presumptive presence of heroin and fentanyl.

17. Thereafter, the CI, at the direction of law enforcement, made several additional controlled purchased of heroin from BAEZ.

18. For example, on or about March 5, 2014, the CI purchased 100 bags of heroin – commonly referred to as a "stack" -- from BAEZ. The heroin was contained in bags stamped with the brand name "Shine." Field tests of the heroin the CI purchased from BAEZ on or about March 5, 2014, indicated the presumptive presence of heroin and fentanyl.

19. On or about March 6, 2014, the CI purchased 500 bags of heroin – commonly referred to as a "box" -- from BAEZ. The heroin was contained in bags stamped with the brand name "Shine." Field tests of the heroin the CI purchased from BAEZ on or about March 6, 2014, indicated the presumptive presence of heroin and fentanyl.

20. Investigators, through the use of surveillance and other investigative techniques, were able to identify Carlos CARDONA, a.k.a. "Los," and his brother, Christopher CARDONA, as the individuals who were supplying heroin to BAEZ.

21. In early March of 2014, law enforcement authorities began debriefing a confidential human source (hereafter the "CS" or the "CHS") about the distribution of controlled substances, including heroin, in the Greater Hartford, Connecticut area.

22. The information provided by the CS has been accurate and particularized, and has been corroborated in large part by independent investigation conducted by law enforcement entities.

pm

23. The CS informed authorities that he/she had direct knowledge of at least two Hartford area heroin distributors who were selling heroin in bags that were stamped with the brand name "New World" in February of 2014.

24. According to the CS, one of the heroin distributors selling "New World" heroin was "LOS," subsequently positively identified by the CS as Carlos CARDONA, and LOS's brother, whose name the CS did not know. The CS further informed investigators that CARDONA changed the stamp on his heroin bags from "New World" to "Bingo 9" and "Shine," after overdoses tied to the "New World" stamp drew media and law enforcement attention. This information from the CS is consistent with the information gathered by law enforcement in connection with the controlled purchases of heroin from BAEZ, to whom CARDONA, along with his brother, was supplying heroin.

25. The CS also identified Charles JACKSON, a.k.a. "DOO DOO," as a second heroin distributor operating in the Hartford, Connecticut area who was distributing heroin contained in bags stamped with the brand name "New World" in February 2014.

26. The CS's knowledge of JACKSON's involvement in the distribution of "New World" heroin is first-hand knowledge, based upon personal observation and intereaction.

27. In February of 2014, the CS dealt directly with JACKSON on at least one occasion in connection with a heroin transaction involving "New World" heroin.

28. JACKSON informed the CS that the New World heroin that JACKSON was distributing was "really strong," according to a third party – a heroin user to whom JACKSON had distributed New World heroin.

29. The CS believes that JACKSON may have begun distributing heroin contained in unstamped bags, i.e. bags with no brand name stamped on them, after the overdoses associated with the "New World" stamp became known.

30. In addition, the CS believes that JACKSON had a bulk quantity of "New World" heroin in February of 2014, and that JACKSON supplies heroin to several other distributors who sell heroin from a second-floor location above or nearby a store named "Randy's," which the CS believes is located at the corner of Main Street and Westland Street in Hartford, Connecticut.

31. The CS also knows JACKSON to be a distributor of cocaine, and this knowledge is based upon the CS's personal interactions with JACKSON in connection with cocaine transactions.

32. The CS positively identified a photograph of Charles JACKSON, date of birth March 19. 1969.

33. In 2006, JACKSON was convicted in United States District Court, in the District of Connecticut, of conspiracy to possession with intent to distribute, and distribution of cocaine. He was sentenced to 84 months in prison. He was released on or about June 22, 2012. He is currently serving a term of federal supervised release.

34. Based upon the foregoing, there is probable cause to believe, and I do believe, that Charles JACKSON has committed violations of 21 U.S.C. Sections 841 and 846, to wit, possession with intent to distribute and distribution of heroin, and conspiracy to possess within intent to distribute heroin.

35. Because this affidavit, and the application into which it is incorporated, pertains to an ongoing criminal investigation, and because disclosure of the information contained herein as well as disclosure of the application, and warrant and complaint being requested herein may compromise the investigation and increase the risk of harm for the CS and law enforcement

officers responsible for conducting the contemplated arrest, I request that the warrant, application, complaint and this affidavit be ordered sealed by the Court, until further order of the Court.

_Paul McElroy_
Paul McElroy
Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn to before me this 14th day of March 2014 at New Haven, Connecticut.

/s/
HONORABLE JOAN G. MARGOLIS
UNITED STATES MAGISTRATE JUDGE